IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARKAUS DAVIS, | ) | Civil Action No. 4:13-02973-TLW |
| | ) | Criminal No. 4:11-cr-00847-TLW-1 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Markaus Davis ("Petitioner" or "Defendant").  (Doc. #159).  On July 26, 2011, a federal grand jury returned an Indictment charging Petitioner with conspiracy to make false statements intended to deceive federally licensed firearms dealers regarding the lawfulness of the acquisition of firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 371, and with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).  (Doc. #2).  On October 28, 2011, Petitioner pled guilty to Count 9 of the Indictment, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  (Doc. #78, #82).  The plea agreement provided, among other things, that Petitioner would plead guilty to Count 9 and the Government agreed that the 4-level increase for trafficking in firearms under U.S.S.G. § 2K2.1(b)(5) should not be applied in the calculation of Petitioner's guidelines range.  (Doc. #78).  On September 10, 2012, a sentencing hearing was held in which Petitioner was sentenced to a term of 110 months to be followed by 3 years of supervised release.  (Doc. #138, #147).  Petitioner did not notice an appeal of his conviction or sentence and signed a waiver of appeal.  (Doc. #139).

On October 30, 2013, Petitioner filed the instant § 2255 action raising two grounds of relief. (Doc. #159). First, Petitioner contends that his sentence was improperly enhanced based on conduct that should not have been included in the calculation of his guidelines range and that this Court erred in considering this alleged improper guidelines range in imposing his sentence. (Doc. #159 at 4). Petitioner also alleges ineffective assistance on the part of his defense counsel in failing to object at Petitioner's sentencing to the enhancement of his guidelines range based on what Petitioner asserts improperly accounted for certain relevant conduct. (Doc. #159 at 5).

On January 15, 2014, the Government filed its response to the § 2255 petition and moved for summary judgment. (Doc. #173, #174). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 15, 2014 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. #177). Petitioner did not file a response to the Government's motion. The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334

F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and moved for summary judgment as to both grounds for relief raised by Petitioner.  (Doc. #173, 174).  In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact such that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Federal Rule of Civil Procedure 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained

3

in the pleadings. Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  Celotex, 477 U.S. at 322-23; see Fed. R. Civ. P. 56.

## DISCUSSION

Petitioner's first argument for relief is that his federal sentence was illegally enhanced based upon relevant conduct which, Petitioner contends, was improperly considered in calculating his guidelines range.  Petitioner contends the consideration of relevant conduct was "barred by the plea agreement."  (Doc. #159 at 4).  Essentially, Petitioner argues that his guidelines range under the U.S. Sentencing Guidelines should have been based solely on the offense conduct to which he pled guilty, namely, being a felon in possession of a firearm.  Petitioner's argument is without merit.

The terms of the Sentencing Guidelines providing for consideration of relevant conduct are clear.  Pursuant to U.S.S.G. § 1B1.2(a) and (b), the conduct which may be considered in determining the applicable guidelines range includes not only the offense conduct for which a defendant is convicted, but also includes certain "relevant conduct."  Relevant conduct is defined in U.S.S.G. § 1B1.3(a) and includes, in part:

4

>       (1)     (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
>               (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
>       that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;
>
>       (2)     solely with respect to offenses of a character for which §3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;

During the plea colloquy, this Court also thoroughly reviewed the potential impact of relevant conduct under the United States Sentencing Guidelines on the calculation of Defendant's guidelines range:

> Mr. Davis, under the guidelines, there's a . . . provision that says relevant conduct can be considered. What that means is conduct related to or relevant to the offense of conviction can be considered for sentencing purposes. And what the guideline says is that your guideline range can be – will be determined based on all acts or omissions that you committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused, or that if you were involved with others . . . some kind of joint activity or conspiracy activity, whether charged or not, all reasonably foreseeable acts and omissions of others that furthered the joint activity could be considered in deciding which guidelines apply and ultimately have an impact on the sentence imposed. . . . [T]he bottom line is relevant conduct allows me to consider conduct related to the offense of conviction in deciding which guidelines would apply. So it is other conduct related to the offense of conviction, but it may be conduct beyond just the offense of conviction itself.

(Doc. #176 at 11-12).

The Court asked Defendant if he understood the concept of relevant conduct, and he responded: "Yes, sir." (Doc. #176 at 12). Defense counsel also confirmed to the Court that Defendant understood the concept of relevant conduct as it may come into play in this case. (Doc.

#176 at 12). This Court confirmed that Petitioner understood that the Court is "not a party to any agreement that [Petitioner] ha[d] with the Government," and that the plea "agreement is not binding on the Court." (Doc. #176 at 9). Moreover, paragraph 3 of Petitioner's plea agreement explicitly states that the Court may consider any dismissed counts as relevant conduct pursuant to § 1B1.3. (Doc. #78). It is will established by United States Supreme Court and Fourth Circuit precedent that a sentencing court may consider uncharged, and even acquitted conduct in determining a sentence, if that conduct is proven by a preponderance of the evidence. See United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009) (citing United States v. Watts, 519 U.S. 148, 157 (1997)). The conduct relied upon in calculating Petitioner's guidelines range and formulating his sentence was proven by a preponderance of the evidence.

Based upon the foregoing, Petitioner has not presented any ground upon which this Court can conclude that his sentence was illegally enhanced based upon relevant conduct.

Petitioner's second and final argument for relief is that his defense counsel's failure to object at sentencing to the inclusion of relevant conduct in the calculation of his guidelines range amounted to ineffective assistance of counsel. (Doc. #159 at 5). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct."

Id. at 690.  Furthermore, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  Id. at 689.

Petitioner's claim of ineffective of assistance is likewise without merit.  Petitioner claims his defense counsel's failure to object to the consideration of relevant conduct in calculating his sentence amounts to ineffective assistance of counsel.  (Doc. #159 at 5).  Petitioner's defense counsel filed an affidavit on December 13, 2013 responding to Petitioner's allegations and claim of ineffective assistance.  (Doc. #166).  In the affidavit, defense counsel confirms that Petitioner "was well aware of how the relevant conduct principles could affect his guidelines."  (Doc. #166 at 1-2).

Defense counsel in this matter filed detailed objections to each of the sentencing enhancements included in Petitioner's PSR with the exception of the enhancement for the number of guns.  (Doc. #166 at 2).  Petitioner was originally classified as an armed career criminal under 18 U.S.C. § 924(e) in his Presentence Investigation Report ("PSR") based on his prior convictions for Assault and Battery of a High and Aggravated Nature ("ABHAN"),[1] Burglary 3, and Possession with Intent to Distribute Crack Cocaine.  (See Doc. #173 at 2).  As the Government points out in its brief, "[b]ased on defense counsel's cogent and well-reasoned objections, the Government conceded that [Petitioner's] ABHAN conviction did not qualify as an armed career criminal predicate and that [Petitioner] should be held accountable for only a 2-level increase for his role in the offense under § 3B1.1(c)" rather than 4 offense levels.  (Doc. #173 at 2 (citing Sentencing Transcript Doc. #175 at 12-22); see also Docs. #75 at 18, 21, 23-24).  The original PSR in this matter recommended Petitioner be sentenced to a prison term of 15 years to life.  Based on

---

[1] The Petitioner was sentenced before the Fourth Circuit Court of Appeals decided United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013).

defense counsel's objections and the Government's concessions, Petitioner was not classified as an armed career criminal, his criminal history category was reduced to V, and his total offense level was reduced to 25. (Doc. #173 at 2). Petitioner was sentenced to 110 months imprisonment followed by 3 years of supervised release. (Doc. #138, 147). As the Court noted at the sentencing hearing, Petitioner was "on the verge of doing a sentence that could have been twice as long as the sentence" he received. (Doc. #175 at 31-32).

Based upon the foregoing, Petitioner has not presented any ground upon which this Court can conclude that his trial counsel was ineffective for failing to object to an enhancement at the sentencing hearing.

## CONCLUSION

For all of the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. #159) and the Government's motion for summary judgment is **GRANTED** (Doc. #174).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

November 3, 2015
Columbia, South Carolina